UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JAMES, CDCR #AE-7438, <br><br> Plaintiff, <br><br> vs. <br><br> CALIPATRIA STATE PRISON; G.W. JANDA; A. CASTRO; E. TRUJILLO; GROTH; R.N. NELSON; CARPIO; M.C. MORALES; J.M. BUILTEMAN; MARTEL; J.D. LOZANO; CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION, <br><br> Defendants. | Civil No.   14cv0964 BTM (MDD) <br><br> **ORDER:** <br><br> **(1)  DISMISSING DEFENDANTS AND CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b); AND** <br><br> **(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT ON REMAINING DEFENDANTS** |

**I.    Procedural History**

On April 17, 2014, Louis James ("Plaintiff"), currently incarcerated at Pleasant Valley State Prison located in Coalinga, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a Motion to

Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). On May 19, 2014, this Court GRANTED Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim and for seeking monetary damages against immune defendants. (*See* May 19, 2014 Order, ECF No. 3, at 8.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified by the Court. (*Id.*) On June 30, 2014, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 5.)

The Court, once again, conducted the required sua sponte screening and dismissed Plaintiff's FAC for failing to state a claim upon which relief could be granted. (ECF No. 6.) On December 15, 2014, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 7.)

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

/ / /

### B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Defendants no longer named

In his SAC, Plaintiff no longer names as Defendants Calipatria State Prison, G.W. Janda and the California Department of Corrections and Rehabilitation. Thus, the claims against these Defendants are waived and the Clerk of Court is directed to terminate these Defendants from the docket. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### D. Grievance procedures

Plaintiff seeks to hold Defendants Morales, Builteman, Martel and Lozano liable for constitutional violations based on their handling of his administrative grievances. (*See* SAC at 2-3, 5.) The Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.

*See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")).

In addition, once again, Plaintiff has failed to plead facts sufficient to show that prison officials deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff pleads nothing to suggest how the allegedly inadequate review and consideration of his inmate grievances resulted in an "atypical" and "significant hardship." *Id.* at 483-84. Thus, to the extent Plaintiff challenges the procedural adequacy of inmate grievance procedures, his SAC fails to state a due process claim.

Because the Court has previously provided Plaintiff with two opportunities to correct this deficiency of pleading and he as failed to do so, Plaintiff's claims relating to the handling of his administrative grievances are **DISMISSED** for failing to state a claim without leave to amend.

### E. Access to Courts claim

As to Plaintiff's remaining access to courts claim, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d)

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. CONCLUSION AND ORDER

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants Calipatria State Prison, G. W. Janda and the California Department of Corrections and Rehabilitation are **DISMISSED** from this action. The Clerk of Court is directed to terminate these Defendants from the docket.

2. Defendants Morales, Builteman, Martel and Lozano and the claims against them are **DISMISSED** from this action without leave to amend for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). The Clerk of Court is directed to terminate these Defendants from the docket.

**IT IS FURTHER ORDERED that:**

3. The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint (ECF No. 7) upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of the Order granting Plaintiff leave to proceed IFP (ECF No. 3), a certified copy of his Second Amended Complaint (ECF Doc. No. 7), and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

///

4. Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: January 22, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court