**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LOUIS JAMES,
CDCR #K-38609,

Plaintiff,

vs.

CALIPATRIA STATE PRISON, et al.,

Defendants.

Civil No. 14cv0964 BTM (MDD)

**ORDER:**

**(1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF Doc. No. 15); AND**

**(2) DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AS MOOT**

## I.

## PROCEDURAL BACKGROUND

Louis James ("Plaintiff"), a state inmate currently incarcerated at Pleasant Valley State Prison located in Coalinga, California, proceeding pro se and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 24, 2015, Defendants filed a Motion for Summary Judgment for failure to exhaust administrative

remedies pursuant to Fed. R. Civ. P. 56, along with a Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Doc. Nos. 15, 16.)

The Court notified Plaintiff of the requirements for opposing summary judgment, including opposing a summary judgment brought on exhaustion grounds, pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). (ECF Doc. No. 17.) Plaintiff filed his Oppositions, to which Defendants filed their Replies. (ECF Doc. Nos. 19-23, 25.)

The Court has determined that Defendants' Motions are suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Mitchell D. Dembin is necessary. *See* S.D. Cal. CivLR 7.1(d)(1), 72.3(e).

## II.

## PLAINTIFF'S FACTUAL ALLEGATIONS[1]

Plaintiff was housed at Calipatria State Prison ("CAL") in 2011 and 2012. (Pl.'s Second Amended Complaint ("SAC"), ECF Doc. No. 7, at 1.) On October 20, 2011, Plaintiff alleges that Defendants Castro, Trujillo, Groth and Nelson, all CAL correctional officers, "executed a raid and cell extraction on the plaintiff, who was in the process of working on his (criminal) case." (*Id.* at 4.) Plaintiff alleges that all of his legal paperwork was taken by the Defendants following the raid and was not returned to him until December 11, 2011. (*Id.*) When Plaintiff received his legal paperwork, he claims that "it was in complete disarray and some of it was missing." (*Id.*) Plaintiff contends that several pieces of the missing paperwork were "documentary evidence necessary to his controlling case." (*Id.*) Plaintiff claims he was not given a "cell receipt for the search" in violation of regulations. (*Id.*)

---

[1] These allegations are taken from Plaintiff's Second Amended Complaint. (ECF Doc. No. 7.) Plaintiff's Second Amended Complaint also contains allegations regarding a claim for "right to petition government for redress of grievances." (SAC at 7.) The Court dismissed this claim without leave to amend on January 22, 2015. (*See* Court Order dated Jan. 22, 2015, ECF Doc. No. 8 at 3-4.)

Defendant Carpio, also a CAL correctional officer, is alleged to be the officer responsible for packing Plaintiff's property following the raid and listing the inventory. (*Id.*) However, Plaintiff alleges that this inventory list failed to document the removal of Plaintiff's legal paperwork. (*Id.*) As a result of the loss of this legal paperwork, Plaintiff contends that his "legal petitions were filed without supporting evidence and subsequently denied." (*Id.*)

Plaintiff alleges that the missing paperwork included "copies of phone records which supported a major point in a habeas corpus petition attacking Plaintiff's conviction." (*Id.*) Plaintiff contends that the loss of this evidence resulted in a denial of his petitions for writ of habeas corpus "through all three state levels." (*Id.*) Finally, Plaintiff alleges that the loss of this documentary evidence has "slowed down the plaintiff's process (on his federal petition)" and he may "be facing a procedural dismissal due to the passage of the standard timing provisions." (*Id.*)

## III.

## DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court shall consider all admissible affidavits and supplemental documents submitted on a motion for summary judgment. *See Connick v. Teachers Ins. & Annuity Ass'n*, 784 F.2d 1018, 1020 (9th Cir. 1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). However, to avoid summary judgment, the nonmovant cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Rather, he must present "specific facts

showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court may not weigh evidence or make credibility determinations on a motion for summary judgment. Quite the opposite, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Id.* at 255; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The nonmovant's evidence need only be such that a "fair minded jury could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 255. However, in determining whether the nonmovant has met his burden, the Court must consider the evidentiary burden imposed upon him by the applicable substantive law. *Id.*

**B. Exhaustion of Available Administrative Remedies**

Defendants argue that all of Plaintiff's claims should be dismissed for failing to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e. (*See* Defs.' Mem. of P. & A. in Supp. of Mot. for Summ. J., ECF Doc. No. 16-1, at 1.)

**1. Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Because the failure to exhaust is an affirmative defense, Defendants bear the burden of raising and proving its absence. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Defendants must produce evidence proving the Plaintiff's failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the Plaintiff, shows he failed to exhaust. *Albino*, 747 F.3d at 1166.

Under the *Albino* burden shifting test, Defendants must "first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy." *Williams v. Paramo*, 775 F.3d 1182, 1186 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172.)

The burden then shifts to Plaintiff to produce evidence to show that "administrative remedies were not available." *Id.* at 1191. The State of California provides its prisoners and parolees the right to administratively appeal "any departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the welfare of inmates and parolees." Cal. Code Regs. tit. 15, § 3084.1(a) (2011). Prior to January 28, 2011, in order to exhaust available administrative remedies within this system, a prisoner would proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. Cal. Code Regs. tit. 15, § 3084.1(a) (2010). However, in January 2011, the process was changed and prison regulations no longer required an inmate to submit to informal resolution. Cal. Code Regs. tit. 15, § 3084.5 (2011).

**2. Plaintiff's administrative grievances**

In support of their argument that Plaintiff failed to properly exhaust his claims in this action, Defendants supply the declaration of M. Voong, the acting Chief of the Office of Appeals in Sacramento, California. (Voong Decl., ECF Doc. No. 16-2.) In addition, Defendants have also supplied a "Declaration of Records" prepared under penalty of perjury by Kirk Geringer, Pleasant Valley State Prison Litigation Coordinator. (Geringer Decl., ECF Doc. No. 16-4.)

It is undisputed that Plaintiff filed his initial grievance relating to the claims in his SAC on October 31, 2011. (*See* Pl.'s Decl. in Supp. of Opp'n to Mot. for Summ. J., ECF No. 22, Inmate/Parolee Appeal CDCR 602 dated Oct. 31, 2011, at 5.) This grievance was returned to Plaintiff on November 7, 2011 notifying him that his request for the

return of his legal property is a "routine matter that needs to be resolved directly by the staff member or department affected before an appeal can be filed." (*Id.*, CDCR Form 695 screening dated Nov. 7, 2011, at 9.) Plaintiff was informed that he must "begin [his] demand for resolution" by "submitting a CDCR Form 22 directly to the affected staff member" before filing a 602 grievance. (*Id.*)

In December of 2011, Plaintiff submitted the required CDCR form 22 in which he was seeking the return of legal paperwork that he alleges was missing after the cell search in October of 2011. (*Id.*, CDCR Form 22, dated Dec. 11, 2011, at 23.) On January 2, 2012, Plaintiff then submitted a CDCR 602 grievance form, which was assigned the log number CAL-12-0020, claiming that prison officials confiscated his legal paperwork on October 20, 2011, resulting in "obstruction of access to courts." (*Id.*, CDCR Form 602 dated Jan. 2, 2012, at 25; *see also* Geringer Decl., at 2.) In this grievance, Plaintiff contends that he was unable to resolve this issue "through the CDCR 22 form" and he did not receive a "receipt or written notice of personal property removed from my possession as defined by Title 15 § 3287(a)(4)."[2] (Geringer Decl., at 3.) However, Plaintiff later acknowledges in this same grievance that there was a "property inventory made by C/O Carpio." (*Id.* at 5.) In fact, Plaintiff attached this property inventory form to his grievance. (*Id.* at 6.) This form is listed as a "CDC 1083" form entitled "Inmate Property Inventory" and is dated October 20, 2011. (*Id.*) In addition, it shows two date stamps indicating that it was received by the CAL appeals office on January 5, 2012 and March 14, 2012. As stated above, the date of Plaintiff's first level grievance is January 2, 2012.

Plaintiff's grievance was denied at the first level of review. (*Id.*, First Level Appeal Response dated Feb. 24, 2012, at 11.) A summary of the interview with the correctional officers who conducted the cell search stated that they "did not recall

---

[2] Section 3287(a)(4) of Title 15 provides, in part, that following a cell search an "inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during the inspection and the disposition made of such property. Cal. Code Regs. tit. 15, § 3287(a)(4)

confiscating any legal documents" from Plaintiff's cell. (*Id.*) These officers indicated that "all confiscated items had been documented on the cell search receipt." (*Id.*) Plaintiff was advised that "this issue may be submitted for a Second Level of Review if desired." (*Id.* at 12.)

Plaintiff did submit his grievance to the second level of review on March 7, 2012, and his appeal was "denied at the Second Level of Review" on April 4, 2012. (*Id.* at 13.) In the discussion of Plaintiff's claims, it was found that "the assertion of two [missing] pages of legal materials has not been supported by the evidence presented." (*Id.*) Plaintiff was "advised that this issue may be submitted for a Director's Level of Review if desired." (*Id.*)

Plaintiff then submitted his grievance to the third level of review and on May 22, 2012, his appeal was "rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7)." (*Id.*, Office of Appeals response dated May 22, 2012, at 31.) Specifically, Plaintiff was told that his appeal was missing "cell/locker search receipt(s)/slip(s)." (*Id.*) Finally, he was "advised that [he] cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and 3084.8(b)." (*Id.*)

**3. Proper Exhaustion**

The Court finds that Defendants have met their initial burden proving "that there was an available administrative remedy." *Albino*, 747 F.3d at 1172. As shown above through the evidence submitted by both Plaintiff and Defendants, Plaintiff was given instruction throughout the process on how to file his administrative grievances. In addition, Plaintiff has submitted no evidence to contradict Defendants' showing that there was an available administrative process.

The issue that remains before this Court is whether there is a genuine issue of material fact as to whether Plaintiff properly exhausted his administrative remedies prior to bringing this action. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90

(2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. *See Booth*, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *See Woodford*, 548 U.S. at 90-93. Instead, "to properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,'[ ]-rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88).

Here, it is undisputed that Plaintiff submitted his administrative grievances all the way to the third level of review. However, it is also undisputed that Plaintiff's grievance was rejected at the final level of review for failing to submit a cell search receipt as required by § 3084.3 of Title 15. (*See* Pl.'s Decl., at 31.) Section 3084.3(a) provides that "[a]n inmate or parolee shall obtain and attach all supporting documents, as described in section 3084(h), necessary for the clarification and/or resolution of his or her appeal issue prior to submitting the appeal to the appeals coordinator." Cal. Code Regs. tit. 15, § 3084.3(a). A "supporting document" is defined by § 3084(h), in part, as "documents that are needed to substantiate allegations made in the appeal including, but not limited to . . . property inventory sheets, property receipts." *Id.* at § 3084(h). An appeal that "is missing necessary supporting documents" may be rejected by the appeals coordinator. *Id.* at § 3084.6(b)(7.)

In the declaration of M. Voong, he explains that Plaintiff was provided with a "screening letter that instructed Plaintiff James to attach supporting documents and resubmit the appeal." (Voong Decl., at ¶ 9.) Plaintiff argues in his opposition that "a rejected appeal cannot be appealed" and while "corrective action can be taken and the appeal may be resubmitted, but without a cell search receipt, or reasonable explanation why there is no supporting documentation, it is a pointless exercise." (Pl.'s Opp'n, ECF Doc. No. 19, at 3.)

As Defendants correctly identify in their reply, Plaintiff had already submitted the cell search receipt at the two lower levels of his appeal. His claims that he did not receive a "cell search receipt" is directly contradicted by his own admission in his initial grievance that he received an inventory list of everything that was removed from his cell during his cell search by Defendant Carpio. It is also undisputed that Plaintiff submitted this property inventory list at the first two levels of review of his appeal. Moreover, all parties do not dispute that Plaintiff was instructed to resubmit his grievance to the final level of review and include this property inventory list that he had previously submitted. As stated above, this "supporting documentation" is required to properly process an appeal pursuant to the relevant regulations. However, Plaintiff is clear in his Opposition that he did not resubmit this grievance with either the property inventory form he had previously supplied prison officials at the lower level review or explain the absence of the form because he believed it to be "pointless."

In Voong's declaration, he states that if Plaintiff had resubmitted his appeal to the final level with this documentation, or an "explanation regarding why he could not attach the supporting documentation, the reason would have been reviewed and if found to be accurate, true and reasonable, would have been considered for acceptance, if all of the other Title 15 requirements were met." (Voong Decl., at ¶ 9.) There is no evidence in the record that Plaintiff resubmitted his appeal to the final level with the required documentation or an explanation as to why that documentation was unavailable. The evidence submitted by all parties, and Plaintiff's concession that he found it "pointless" to resubmit his appeal, shows that it is undisputed that Plaintiff failed to properly exhaust his available administrative remedies with respect to all the claims found in his SAC.

Accordingly, Defendants' Motion for Summary Judgment as to the claims in Plaintiff's SAC for failing to properly exhaust his administrative remedies is **GRANTED**.

/ / /

/ / /

**C. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

In light of the Court's finding that summary judgment is appropriate as to all the claims in this action, Defendants' motion to dismiss Plaintiff's SAC for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED** as moot.

## IV.

## CONCLUSION AND ORDER

For all the reasons set forth above, the Court hereby:

(1) GRANTS Defendants' Motion for Summary Judgment on exhaustion grounds pursuant to Fed. R. Civ. P. 56 (ECF Doc. No. 16); and

(2) DENIES Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Doc. No. 15) as MOOT.

The Clerk of Court shall enter judgment for Defendants and close the file.

**IT IS SO ORDERED.**

DATED: September 1, 2015

HON. BARRY TED MOSKOWITZ, Chief Judge
United States District Court