UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JAMES,<br><br>    Plaintiff,<br><br>v.<br><br>CALIPATRIA STATE PRISON, et al.,<br><br>    Defendant. | Case No.: 3:14-cv-00964-BTM-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 30)** |

Currently pending before this Court is Plaintiff's "Petition for Reconsideration" in which he "petitions this Court for reconsideration on the judgment entered in this case on September 2, 2015." (Pl.'s Mot., ECF No. 30, at 1.) On September 2, 2015, this Court entered judgment in favor of Defendants following the Order granting Defendants' motion for summary judgment on the ground that Plaintiff had failed to exhaust his available administrative remedies before bringing this suit. (ECF Nos. 27, 28.)

The Court issued a briefing schedule permitting Defendants to file an opposition and Plaintiff to file a reply. (ECF No. 31.) Defendants have filed an opposition, *see* ECF No. 32, but Plaintiff has not filed a reply. On November 20, 3015, this matter was taken under submission.

///

///

## I.  Plaintiff's Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.* 5 F.3d 1255, 1262-63 (9th Cir. 1993); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV.P. 60(b).

In this matter, Defendants had argued to the Court that Plaintiff failed to properly exhaust his administrative grievances relating to the claims raised in his pleadings. The Court did find that Plaintiff had submitted his grievances to the final level of review but at that final level, his grievance was "screened out" for failing to provide the proper documentation to support his claims. (*See* Sept. 1, 2015 Order, *see* ECF No. 27, at 8.) Specifically, at issue was the failure to Plaintiff to provide a "cell search receipt" in support of his grievance to the final level of review. (*Id.*) Defendants provided a declaration from M. Voong, the current acting Chief of Inmate Appeals, in which he explained that Plaintiff was provided a "screening letter that instructed Plaintiff James to attach supporting documents and resubmit the appeal." (Voong Decl., ECF No. 16-3, at ¶ 9.) Plaintiff argued to the Court that "without a cell search receipt, or reasonable

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

explanation why there is no supporting documentation, it is a pointless exercise." (*See* Pl.'s Opp'n to MSJ, ECF No. 19, at 3.)  The Court found that Plaintiff had already provided the "cell search receipt" at the lower levels of the grievance procedure and he could have supplied it to the final level of review as well.  (*See* Sept. 9, 2015 Order at 9.)

However, in the motion to reconsider, Plaintiff claims that there was confusion regarding the nature of the documents he submitted during the grievance process and the documents submitted to this Court.  Plaintiff claims that the document the Court regarded as a "cell search receipt" was in fact an "inmate property inventory form"—a separate document.  (Pl.'s Mot. at 3.)  Defendants concede in their opposition to Plaintiff's current motion that the "difference between the property-inventory form and a cell-search receipt in the context of Plaintiff's grievances was confusing."  (Defs. Opp'n, ECF No. 32, at 4.)  Plaintiff claims in his current motion that he "does not and has never possessed a cell search receipt relevant to this incident despite multiple requests for one." (Pl.'s Mot. at 3.)

Defendants argue, and the Court agrees, that even if there is a difference between the two documents, the outcome remains the same.  It is undisputed that Plaintiff's third level of review grievance was "rejected pursuant to California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7)" because it was missing "necessary supporting documents" which included the "cell/locker search receipt(s)/slip(s)." (Pl.'s Decl. in Opp'n to Defs.' MSJ, ECF No. 22, at 31.)  Plaintiff was further advised in this response that he "should take the correction action necessary and resubmit the appeal."  (*Id.*)

Even though Plaintiff acknowledged in his opposition that "corrective action can be taken and the appeal may be resubmitted," he believed that without the cell search receipt that he was unsuccessful in obtaining, "it is a pointless exercise."  (Pl.'s Opp'n to Defs.' MSJ, ECF No. 19, at 3.)  However, under the grievance procedure of Title 15, Plaintiff was "allowed an additional 30 calendar days to secure any missing supporting documents and resubmit the appeal."  Cal. Code Regs., tit. 15 § 3084.3(d).  In addition, Plaintiff could seek additional time or submit "a reasonable explanation of why the

supporting documents still are not available." *Id.* Moreover, Defendants submitted the declaration of Voong, in which he declared that if an inmate "has a reasonable explanation for being unable to provide the requested supporting documents, the appeal will be accepted for processing without the supporting documents." (Voong Decl., ECF No. 16-3, at ¶ 9.) Plaintiff provided no admissible evidence to dispute this statement.

Here, it is undisputed that there were avenues still available to Plaintiff to properly exhaust his administrative grievances regarding the claims that arose in this action but he determined that this was a "pointless" exercise. While Plaintiff may have chosen to cut short the process, that is not proper exhaustion as required by 42 U.S.C. § 1997e. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedure rules[.]")

Even if there was a factual dispute regarding the document Plaintiff was required to submit to the final level of review, it does not raise a genuine dispute of a material fact. In addition, it does not change the outcome that there is no genuine dispute of material fact that Plaintiff did not comply with the procedural requirements to properly exhaust his administrative remedies.

Accordingly, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *See School Dist. No. 1J*, 5 F.3d at 1263.

**II.   Conclusion**

Plaintiff's Motion for Reconsideration of the Court's September 1, 2015 Order (ECF No. 30) is **DENIED**.

DATED: December 11, 2015

_____

Hon. Barry Ted Moskowitz, Chief Judge
United States District Judge